**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|   |   |
|---|---|
| **FANNIE MAE,** | ) |
|  | ) |
| Plaintiff, | )   **CIVIL ACTION** |
| v. | )   No. 13-2479-KHV |
|  | ) |
| **MATT RUNTE, et al.,** | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Fannie Mae[1] brings this diversity action against Matt Runte and Matt's Apartments, LLC. Fannie Mae asserts that Matt's Apartments defaulted on its obligations under a promissory note and that Runte defaulted on a guaranty of that note. This matter comes before the Court on plaintiff's Motion For Summary Judgment (Doc. #21) filed June 25, 2014. Defendants have not filed a response. For reasons set forth below, the Court finds that plaintiff's motion should be sustained.

## Legal Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d 1535, 1538-39 (10th Cir. 1993). A "genuine" factual dispute is one on which the jury could reasonably find for the nonmoving party, and requires more than a mere scintilla of evidence. Liberty Lobby, 477 U.S. at 252. A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." Id. at 248.

---

[1]   Fannie Mae was formerly known as the Federal National Mortgage Association.

The moving party bears the initial burden of showing that there are no genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Justice v. Crown Cork & Seal Co., 527 F.3d 1080, 1085 (10th Cir. 2008). Once the moving party meets its burden, the burden shifts to the nonmoving party to show that a genuine issue remains for trial. Nat'l Am. Ins. Co. v. Am. Re-Ins. Co., 358 F.3d 736, 739 (10th Cir. 2004); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). As to these matters, the nonmoving party may not rest on the pleadings but must set forth specific facts. Fed. R. Civ. P. 56(e)(2); Matsushita, 475 U.S. at 586-87; Justice, 527 F.3d at 1085. Conclusory allegations not supported by evidence are insufficient to establish a genuine issue of material fact. Jarvis v. Potter, 500 F.3d 1113, 1120 (10th Cir. 2007); see Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 853 (10th Cir.1996).

When applying this standard, the Court must view the factual record in the light most favorable to the party opposing the motion for summary judgment. Duvall v. Ga.-Pac. Consumer Prods., L.P., 607 F.3d 1255, 1260 (10th Cir. 2010); see Ricci v. DeStefano, 557 U.S. 557, 586 (2009). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. Liberty Lobby, 477 U.S. at 250–51. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

Here, defendants have not filed a timely response and plaintiff's motion is therefore unopposed. Under D. Kan. Rule 7.4(b), a party who fails to file a responsive brief or memorandum within the time specified waives the right to later do so, and the Court will consider and decide the motion as uncontested. Ordinarily, the Court will grant the motion without further notice. Id. A party's failure to respond to a summary judgment motion, however, is not a sufficient basis on which

to enter judgment. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Rather, the Court must determine whether judgment for the moving party is appropriate under Fed. R. Civ. P. 56. The Court therefore accepts as true all material facts asserted and properly supported in the summary judgment motion. Id.

### Uncontroverted Facts

On July 13, 2007, Matt's Apartments entered into a commercial loan transaction with LaSalle Bank National Association. Doc. #22-1. Matt's Apartments executed a Multifamily Note in favor of LaSalle, in the original principal amount of $1,540,000.00. Doc. #22-2. Matt's Apartments also executed a Multifamily Deed of Trust, Assignment of Rents, and Security Agreement and Fixture Filing. Doc #22-3. Matt's Apartments agreed to pay attorney's fees and collection costs incurred to collect under the Loan Agreement.

To secure repayment of amounts owing under the Note, Runte executed a Guaranty of Payment which personally and unconditionally guaranteed the obligations of Matt's Apartments under the Note. Doc. #22-4. Runte also agreed to pay attorney's fees which LaSalle incurred in enforcing its rights under the Note and Guaranty. Id. The Note and Guaranty state that they are governed by Illinois state law.

On May 30, 2008, LaSalle assigned to Fannie Mae the Deed of Trust and the related loan documents. Doc. #22-5.

On February 6, 2013, Fannie Mae notified Matt's Apartments and Runte that Matt's Apartments had failed to make payments due under the Note and that all amounts were immediately due. Doc. #22-6. Matt's Apartments and Runte failed to pay the amounts due. Matt's Apartments and Runte admit that they are in default.

On April 23, 2013, the substitute trustee under the Deed of Trust conducted a foreclosure sale of the land and personal property secured by the Deed of Trust. At the foreclosure sale, Fannie Mae purchased the collateral for $450,000.00.

As of June 16, 2014, Matt's Apartment and Runte are indebted to Fannie Mae in the following amounts: $1,108,220.79 in principal and $143,860.60 in interest to June 16, 2014, plus interest from June 16, 2014 at a per diem rate of $344.16. As of May 31, 2014, Fannie Mae had incurred $21,309.50 in attorney's fees for enforcement of the Note and Guaranty. Doc. #22-7.

## **Analysis**

Plaintiff asserts that it is entitled to summary judgment on its claims for breach of contract. As noted, the loan documents provide that Illinois law governs; the Court therefore applies Illinois law in interpreting the loan documents. Pepsi-Cola Bottling Co. v. PepsiCo., Inc., 431 F.3d 1241, 1255 (10th Cir. 2005) (court sitting in diversity applies choice-of-law rules of forum state; federal courts in Kansas routinely enforce parties' contractual choice-of-law provisions under Kansas choice-of-law rules).

### A.    Breach Of Contract Claim Against Matt's Apartments

To establish a breach of contract claim under Illinois law, plaintiff must show the following elements: (1) a valid and enforceable contract; (2) plaintiff's substantial performance; (3) defendant's breach; and (4) damages. Reger Dev., LLC v. Nat'l City Bank, 592 F.3d 759, 764 (7th Cir. 2010). Here, plaintiff has satisfied all four elements. First, plaintiff has put forth uncontroverted evidence that Matt's Apartments entered a valid contract to borrow $1,540,000.00 Second, plaintiff has produced evidence that LaSalle performed its obligations by tendering Matt's Apartments $1,540,000.00, and that LaSalle validly assigned the loan to plaintiff. Third, Matt's Apartments

does not dispute that it defaulted on the Note. Fourth, plaintiff points to damages as a result of the breach, including $1,108,220.79 in unpaid principal, $143,860.60 in accrued default interest, plus interest from June 16, 2014, at a per diem rate of $344.16. The Court therefore finds that plaintiff is entitled to judgment against Matt's Apartments in the amount of $1,252,081.39, plus interest of $344.16. per diem from June 16, 2014 to the date of judgment.

### B. Breach Of Guaranty Against Matt Runte

Plaintiff asserts that it is entitled to summary judgment on its claim for breach of the Guaranty against Runte.

To establish a prima facie case for breach of a guaranty under Illinois law, plaintiff must prove (1) the original indebtedness, (2) the borrower's default and (3) execution of the guaranty by the guarantor. Gen. Elec. Bus. Fin. Servs., Inc. v. Silverman, 693 F.Supp.2d 796, 799 (N.D. Ill. 2010). Here, plaintiff has set forth a prima facie case: (1) Matt's Apartments is indebted to plaintiff in the principal amount of $1,540,000.00, as set forth in the Note and Guaranty; (2) Matt's Apartments failed to pay the Note when it came due, and the Note remains unpaid; and (3) Runte executed a Guaranty in favor of plaintiff.

As noted, plaintiff has established that as of June 16, 2014, the balance owing is $1,252,081.39 plus interest which continues to accrue. Because Runte has not controverted that the Guaranty is valid and enforceable and that amounts due and owing remain unpaid, plaintiff is entitled to judgment as a matter of law against Runte for the total amount due under the Note and Guaranty – $1,252,081.39, plus interest from June 16, 2014 to the date of judgment at a per diem rate of $344.16.

C.      Attorney's Fees Under The Note And Guaranty

The Note and Guaranty expressly state that defendants must pay attorney's fees and expenses which Fannie Mae incurred in enforcing its rights under the Note and Guaranty. Under Illinois law, a contract provision which specifically authorizes the recovery of attorney's fees is enforceable. Myers v. Popp Enters., Inc., 576 N.E.2d 452, 457 (Ill. Ct. App. 1991).

Plainitff requests an award of attorney's fees in the amount of $21,309.50 and asks the Court to supplement its request for attorney's fees to include those fees incurred after the date of the summary judgment motion. The Court has reviewed the request for fees and finds that the billed hours and fees are reasonable. See Wilkinson v. I.C. Sys., Inc., No. 09-2456-JAR, 2011 WL 5304150, at *2 (D. Kan. Nov. 1, 2011) (lack of response does not foreclose review and analysis of fee request).

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Summary Judgment (Doc. #21) filed June 25, 2014 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that plaintiff is entitled to joint and several damages in the amount of $1,252,081.39, plus interest from June 16, 2014 to the date of judgment at a per diem rate of $344.16, plus attorney's fees of $21,309.50, plus supplemental fees to be determined.

**IT IS FURTHER ORDERED** that on or before **September 4, 2014**, plaintiff shall file a supplemental request for attorney's fees with supporting documents.

Dated this 22nd day of August, 2014 at Kansas City, Kansas.

s/Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge